UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARATH TOCH,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL DISTRIBUTION CENTERS LLC, et al.,<br><br>Defendants. | No. 2:24-cv-03617-DAD-SCR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 10) |

This matter is before the court on plaintiff's motion to remand filed on January 10, 2025. (Doc. No. 10.) On February 4, 2025, the pending motion was taken under submission on the papers. (Doc. No. 13.) For the reasons explained below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

On October 29, 2024, plaintiff filed this discrimination action against his alleged employers, defendants National Distribution Centers LLC ("defendant NDC") and NFI Interactive Logistics, LLC ("defendant NFI"), as well as an alleged employee of those defendants, David Rasmy, in the San Joaquin County Superior Court. (Doc. No. 1-3 at 10–28.) On December 19, 2024, defendants removed the action to this federal court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, on the grounds that diversity jurisdiction exists here once defendant

1

Rasmy is disregarded as a "sham defendant" for purposes of citizenship. (Doc. No. 1 at 3–8.) Plaintiff and defendant Rasmy are both citizens of California. (*Id.*)

In his complaint, plaintiff alleges as follows in relevant part. Defendant Rasmy is a resident of California and served in a managerial role for defendants while plaintiff was employed. (Doc. No. 1-3 at ¶ 4.) On May 7, 2024, plaintiff texted his supervisor, defendant Rasmy, about his medical condition that had caused him to miss work and about his expected return to work. (*Id.* at ¶¶ 17, 18.) On May 14, 2024, plaintiff sent a doctor's note to "defendant." (*Id.* at ¶ 18.) A few days later, plaintiff asked whether his doctor's notes had been sent to defendants' human resources department, and it became apparent that defendant Rasmy had failed to timely send all of those notes to the appropriate person in human resources. (*Id.*) Defendants knowingly and willfully required plaintiff to use certain applications on his personal cell phone for work purposes and failed to reimburse plaintiff for that usage. (*Id.* at ¶¶ 116–18.)

In his complaint, plaintiff asserts several claims against defendants NDC and NFI, as well as one claim for failure to indemnify in violation of California Labor Code § 2802 against all defendants. (Doc. No. 1-3 at 10–27.)

On January 20, 2025, plaintiff filed the pending motion to remand this action to the San Joaquin County Superior Court. (Doc. No. 10.) Defendants filed their opposition on February 13, 2025, and plaintiff filed his reply thereto on February 20, 2025. (Doc. Nos. 14, 15.)

**LEGAL STANDARD**

**A.      Removal Jurisdiction**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

/////

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**B.      Fraudulent Joinder**

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity. *Id*.

When a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Avellanet v. FCA US LLC*, No. 19-cv-07621-JFW-KS, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("A claim of fraudulent joinder should be denied if there is *any* possibility that a plaintiff may prevail on the cause of action against an in-state defendant."). The Ninth Circuit has acknowledged that the analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the fraudulent

3

joinder standard, and that "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549.  The two tests should not, however, be conflated.  *Id.*  Therefore,

> [i]f a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined.  But the reverse is not true.  If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there.  For example, the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Id.* at 550.  Thus, remand must be granted unless the defendant establishes that plaintiff could not amend his pleadings so as to cure the purported deficiency.  *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).  Where "arguments go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiff's] claims . . . they do not establish fraudulent joinder." *Grancare, LLC*, 889 F.3d at 552.  Finally, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* at 548.

## ANALYSIS

### A.     The Parties' Contentions

In their notice of removal, defendants argue that plaintiff is attempting to defeat diversity jurisdiction by including defendant Rasmy as a sham defendant.  (Doc. No. 1 at 6.)  Defendants contend in their notice of removal that the only claim asserted against defendant Rasmy, failure to indemnify in violation of § 2802, can only be asserted against the owner of a company, and that defendant Rasmy "has no ownership interest whatsoever in NDC or NFI Interactive and has no oversight or influence on their operations or corporate policies." (*Id.*)  Defendants include as an attachment to their notice of removal a declaration from Sarah Pontoski, the vice president of NFI Management Services, LLC, an affiliate entity of defendant NFI.  (Doc. No. 1-2.)  According to Pontoski's declaration, "defendant Rasmy has no ownership interest whatsoever in NDC or NFI Interactive and he has no oversight over or influence on their operations or corporate policies." (*Id.* at ¶ 14.)

/////

4

In his motion to remand, plaintiff argues that defendants have failed to meet their burden of showing that there is no possibility that plaintiff will be able to establish that defendant Rasmy is liable under § 2802. (Doc. No. 10.) First, plaintiff points out that individuals other than the owner of a company may be liable under § 2802. (*Id.* at 5) (citing Cal. Lab. Code § 558.1). In this regard, California Labor Code § 558.1 provides as follows:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Section[ ] . . . 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

Plaintiff argues that defendants have not shown that there is no possibility that plaintiff will be able to sufficiently allege that defendant Rasmy was a managing agent and therefore subject to liability under § 2802 pursuant to § 558.1(b). (Doc. No. 10 at 5–9.)

In opposition, defendants provide another declaration from Ms. Pontoski as well as a declaration from Janet Sanchez, the human resources business partner of defendant NDC. (Doc. Nos. 14-2, 14-3.) Defendants argue that these declarations establish that plaintiff cannot possibly allege that defendant Rasmy is a managing agent, rather than a supervisor. (Doc. No. 14.) According to Pontoski's declaration, defendant Rasmy is employed by defendant NDC as a warehouse operations supervisor and he "has no ownership interest whatsoever in NDC or NFI Interactive, is not an officer, director, or managing agent, and he has no oversight over or influence on their operations or corporate policies." (Doc. No. 14-2 at ¶¶ 5, 6.) Instead, "all personnel policies and procedures, including NDC's policies related to expense reimbursements and use of personal cellphones, are created by NFI Management Services, LLC." (*Id.* at ¶ 7.) "Defendant Rasmy plays no role in the creation or development of any of NDC or NFI Interactive's policies, including any policies related to expense reimbursement or the use of personal cellphones. Further, Defendant Rasmy has no authority to amend these policies or alter

their application at the local level in any way." (*Id.* at ¶ 8.)  According to Sanchez's declaration, defendant Rasmy's "authority is limited to supervising the repackaging of goods in a single production department within the NDC's local facility in Tracy, California. Defendant Rasmy plays no role in the creation or development of any of NDC policies, including any policies related to expense reimbursement or the use of personal cellphones.  Further, defendant Rasmy has no authority to amend these policies or alter their application at the local level in any way." (Doc. No. 14-3 at ¶ 5.)  According to Sanchez, defendant Rasmy "is not and has never been involved in the payment of expense reimbursements to employees.  Defendant Rasmy does not and has never had authority to approve or deny requests for reimbursement from employees." (*Id.* at ¶ 6.)

Defendants additionally ask the court to follow the recent district court decision in *Soto v. Thermo Fisher Scientific (Asheville LLC)*, No. 24-cv-02997-WHA, 2024 WL 3834194 (N.D. Cal. Aug. 15, 2024), in which the district court concluded that a supervisor/manager was not a managing agent under California Labor Code § 558.1(a) and had been fraudulently joined to avoid removal. (Doc. No. 14 at 6–7.)  Finally, defendants argue that even if plaintiff "established" that defendant Rasmy was a managing agent, plaintiff cannot allege facts in support of his claim that defendant Rasmy caused a violation of § 2802. (Doc. No. 14 at 2, 10–11.)

In reply, plaintiff notes that many of the decisions cited by defendants do not involve alleged violations of California Labor Code § 2802 or § 558.1  (Doc. No. 15 at 3–4.)  Plaintiff further argues that an employee need not be able to create or modify corporate policy to be categorized as a managing agent, and that merely implementing or facilitating *ad hoc* policy can suffice. (*Id.* at 4) (citing *White v. Ultramar*, 21 Cal. 4th 563 (1999)).  Plaintiff asserts that the "generic," "self-serving and conclusory declaration testimony," based only on Sanchez and Pontoski's "review of [defendant Rasmy's] personnel file" fails to meet the high burden applicable to establishing fraudulent joinder. (*Id.* at 5.)  Finally, plaintiff contends that the district court's decision in *Soto*, cited by defendants, is distinguishable because the individual defendant in that action submitted his own declaration attesting to his lack of decision-making authority. (*Id.* at 5–6.)

6

**B.      Whether Defendants Have Met Their Heavy Burden**

"The term 'managing agent' includes 'only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy.'" *King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 713 (2020).  To show that an employee is a managing agent, a plaintiff "would have to show that the employee exercised substantial discretionary authority over significant aspects of a corporation's business." *Id.*  "But the determination of whether certain employees are managing agents does not necessarily hinge on their level in the corporate hierarchy.  Rather, the critical inquiry is the degree of discretion the employees possess in making decisions[.]" *Id.* (internal quotation marks omitted).  "The scope of a corporate employee's discretion and authority . . . is . . . a question of fact for decision on a case-by-case basis." *Id.* (quoting *Ultramar*, 21 Cal. 4th 563) (ellipses in original).

Here, the court concludes that defendants have failed to meet their heavy burden of showing fraudulent joinder.  "[C]ourts regularly reject such declarations as insufficient to carry a defendant's burden to show fraudulent joinder in the Section 558.1 context." *Abdelmalak v. ReOpen Diagnostics, LLC*, No. 24-cv-01365-FWS-JC, 2024 WL 4188284, at *5 (C.D. Cal. Sept. 13, 2024) (collecting cases); *see also Carrasco v. T-Mobile USA, Inc.*, No. 24-cv-02471-MMA-KSC, 2025 WL 1088202, at *5 (S.D. Cal. Apr. 11, 2025) (describing "what appears to be an emerging consensus among district courts in this Circuit finding that remand is appropriate on sufficiently analogous facts and records" and concluding that "because the Court cannot say on this record that Plaintiff could not possibly state a claim against Argast, the Court finds that T-Mobile fails to demonstrate by clear and convincing evidence that Argast was fraudulently joined such that her citizenship should be disregarded for the purpose of determining diversity jurisdiction") (collecting cases); *Iniguez v. OnTrac Logistics, Inc.*, No. 24-cv-05854-JD, 2025 WL 1077135, at *2 (N.D. Cal. Apr. 10, 2025) ("The allegations of facts in the complaint with respect to these elements are a bit perfunctory.  Plaintiff says, for example, that '[u]pon information and belief, . . ., at all relevant times, Defendant Mendoza was a 'managing agent' and/or 'supervisor' within the meaning of Code of Civil Procedure § 3294(b) . . . .  But defendant's proffer in

1  response, namely the declaration of Michael Hishmeh, OnTrac's Director of HR Business
2  Partners, is purely conclusory. . . . This will not do for purposes of removal.") (alterations and
3  first ellipses in original); *Ramirez v. Quad Graphic, Inc.*, No. 23-cv-00062-JGB-KK, 2023 WL
4  3254979, at *10 (C.D. Cal. May 4, 2023) (finding insufficient for purposes of removal
5  "declarations, demonstrably drafted by Defendants' Counsel, in which both Mr. Alvarez and Mr.
6  Ortiz state, in virtually identical language, that they lack the kind of discretionary authority over
7  corporate policy necessary to hold them liable under Section 558.1").

8         Defendants argue that the district court's decision in *Soto* is on point here. (Doc. No. 14
9  at 6–7.) As an initial matter, the undersigned finds the decision in *Soto* to be distinguishable from
10 that before the court here for at least three reasons. First, the individual defendant in *Soto* himself
11 submitted a declaration attesting to his duties and authority. *See Soto*, 2024 WL 3834194, at *2.
12 Defendant Rasmy has not submitted any such declaration describing his own activities. Instead,
13 defendants have only submitted declarations from individuals who based their testimony on their
14 "review of [defendant Rasmy's] personnel records." (Doc. Nos. 14-2 at ¶ 5; 14-3 at ¶ 4.)

15        Second, unlike the declarations submitted by defendant here, the declaration submitted by
16 the human resources director in *Soto* set forth much more relevant facts making it quite unlikely
17 that the individual defendant in that action was a managing agent. *See Soto*, 2024 WL 3834194,
18 at *2 ("Director Law states that Thermo Fisher employs more than 50,000 individuals in the
19 United States . . . . Correa, meanwhile, is employed as a 'Quality Control Manager' at Thermo
20 Fisher's Petaluma facility. 'There are 13 [salary] bands total, with Bands 11, 12, and 13 held by
21 executive level employees'. Director Law swears that, 'as a Band 7 employee, Mr. Correa does
22 not have the authority or discretion to . . . determine Company policy'.") (internal citations
23 omitted). Here, the declarations submitted by Ms. Pontoski state almost exclusively bare legal
24 conclusions. Moreover, Ms. Sanchez's declaration is in certain places a verbatim copy of Ms.
25 Pontoski's, and the only factual detail contained in Ms. Sanchez's declaration is that defendant
26 Rasmy is a warehouse supervisor in Tracy, California. (*See* Doc. No. 14-3 at ¶ 5.) Defendants do
27 not provide any evidence as to, for instance, their number of employees, how many—if any—
28 other warehouses they operate, or any other factual information regarding defendant Rasmy's

position. *Cf. Rodriguez v. Residence Inn By Marriott, LLC*, No. 23-cv-01504-JAH-BGS, 2023 WL 8234643, at *4 (S.D. Cal. Nov. 28, 2023) ("Ambrosio's duties have been strictly confined to the operation of the single hotel where he works, Marriott San Diego, which is one of approximately 70 hotel locations in the United States. . . . Lambert explains that each of the approximately 62 Assistant General Managers at the Marriott reports to about 57 General Managers, who in turn reports to one of 12 Regional Senior Directors of Operations and Owner Services, who in turn reports to an Area Vice President of Marriott Select Brands in the U.S., who in turn reports to the Senior Vice President of the U.S. Managed and Franchise Marriott Select Brands and Franchise Finance Business Partner.").

Third, the plaintiff in *Soto* "allege[d] *no facts* describing defendant Correa's authority to establish or alter corporate policy, only the *conclusion*, found in the complaint's recital of the parties, that 'Defendant Benjamin Correa was responsible for various Labor Code violations'." *Soto*, 2024 WL 3834194, at *2 (internal citations omitted). Here, while plaintiff includes few factual allegations regarding defendant Rasmy in his complaint, he does include some: He texted defendant Rasmy about his medical condition that had caused plaintiff to miss work and about his expected return to work, he sent "defendant" a doctor's note on May 14, 2024, and defendant Rasmy failed to timely send plaintiff's doctor's notes to human resources. (Doc. No. 1-3 at ¶¶ 17, 18.) In sum, plaintiff here has included more detailed factual allegations in his complaint than did the plaintiff in *Soto*, and defendants have provided far less evidence than did the defendants in that case.[1]

/////

---

[1] Even if the district court's decision in *Soto* were not distinguishable, its persuasive value is subject to significant question. First, it is at odds with the nearly uniform consensus of district courts, cited above, addressing fraudulent joinder in the managing agent context. The decision *Soto* instead primarily relies upon, *West America Corp. v. Vaughan-Bassett Furniture Co.*, 765 F.2d 932 (9th Cir. 1985), was not a case involving a sham defendant but rather addressed an entirely different matter—the dismissal of Doe defendants in the removal context. *W. Am. Corp.*, 765 F.2d at 936. Moreover, the Ninth Circuit's decision in *West America* was later overruled by the Ninth Circuit in its decision in *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987). While more could be said on this point, it is not necessary. In short, the undersigned is not persuaded that it should apply the decision in *Soto* to deny plaintiff's motion to remand here.

9

Here, the court adopts the majority approach, which is particularly persuasive in light of the Ninth Circuit's decision in *Grancare* and the California Supreme Court's decision in *Ultramar*. *See Grancare*, 889 F.3d at 551 ("GranCare has not demonstrated that there is no possibility that Plaintiffs could prevail against Rhodes. GranCare submitted a declaration from Rhodes in which she denied the allegations and emphasized that her role is largely administrative. But a denial, even a sworn denial, of allegations does not prove their falsity[.]"); *Ultramar*, 21 Cal. 4th at 567 ("The scope of a corporate employee's discretion and authority under our test [for managing agent] is therefore a question of fact for decision on a case-by-case basis.").[2]

Accordingly, plaintiff's motion to remand will be granted. *See Gonzalez v. Sheraton Operating Corp.*, No. 20-cv-08785-DSF-AGR, 2020 WL 7042817, at *2 (C.D. Cal. Dec. 1, 2020) ("While it is fairly clear that Plaintiff's current conclusory allegations would not survive a motion under Rule 12(b)(6), the Court cannot conclude on the record before it that it would be impossible for Plaintiff rectify the deficiencies in an amended complaint. The determination of whether an individual is a 'managing agent' is a fact-intensive inquiry that does not rely on corporate labels. . . . The motion to remand is granted."); *Garcia v. Reflection Window Co., LLC*, No. 21-cv-03681-MCS-PD, 2021 WL 4353256, at *2 (C.D. Cal. May 28, 2021) ("The Court agrees with Reflection that the Complaint is not a model of adept pleading and likely would not survive a motion to dismiss for failure to state a claim. . . . On this record, the Court cannot conclude there is no possibility that Plaintiff could amend his pleading to support a claim against King by stating additional details concerning King's discretionary authority and participation in the decision to classify Plaintiff as an exempt salaried employee. . . . [T]he Court remands the case to the Los Angeles County Superior Court[.]").

/////

---

[2] Defendants also point to the district court's decision in *Nguyen v. Ericsson, Inc.*, No. 17-cv-06453-EJD, 2018 WL 2836076, at *2–*3 (N.D. Cal. June 11, 2018) (finding no possibility that an individual defendant was a managing agent for the employer defendant where the plaintiff had alleged that the individual defendant was employed by a third party, not by the employer defendant). The decision in *Nguyen* is distinguishable and was issued shortly after, and does not cite or consider, the Ninth Circuit's decision in *Grancare*. The court is therefore not persuaded by defendants' argument in this regard.

10

**CONCLUSION**

For the reasons discussed above:

1. Plaintiff's motion to remand (Doc. No. 10) is GRANTED;

2. This action is at this time[3] REMANDED to the San Joaquin County Superior Court, pursuant to 28 U.S.C. § 1447(c), due to this court's lack of subject matter jurisdiction; and

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 30, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[3] Should the non-diverse defendant be dismissed from the action at some point, removal at that time may become appropriate. *See Estrada v. KAG W., LLC*, No. 1:24-cv-00257-KES-CDB, 2024 WL 2874591, at *4 (E.D. Cal. June 6, 2024).